SANDS ASSOCIATES ET AL. *v.* SERAFIN RIOS ET AL.
(3783)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 5, 1985—decision released January 21, 1986

*David J. Peska,* for the appellants (defendants).
*Marianne B. Kilby,* for the appellees (plaintiffs).

DUPONT, C. J. In this action to quiet and settle title to a parcel of land to which the defendants claimed title by adverse possession, the trial court rendered judgment for the plaintiffs.[1] In appealing from that judgment, the defendants claim that the trial court erred (1) in finding that the evidence did not support their claim of adverse possession, (2) in applying an improper standard of proof, and (3) in denying their motion for a new trial. We find no error.

The trial court found that the defendants purchased property adjacent to the parcel in question on June 8, 1962. In 1963, they began clearing their land and a portion of the property in dispute. Between 1963 and the time of trial, the defendants maintained a garden which extended from their property onto that in dispute. From about 1962 or 1963, to no later than 1967 or 1968, they raised pigs and chickens on the disputed property. The defendants, in 1968, erected a garage on their property and on a portion of the property claimed by the plaintiff and, in 1969, built a fence along part of the disputed property. They tethered a dog on the disputed property and, on several occasions, had outdoor cookouts there. In October of 1980, the plaintiff purchased the property in question and, shortly thereafter, verbally asserted ownership of it and instructed the defendants to remove their garden from the property. In March of 1982, the plaintiff commenced this action.

The only continuous activity which the trial court found that might substantiate the defendants' claim of adverse possession was their erection of the garage which overlapped onto the disputed property. The trial

---

[1] The plaintiffs include the present record title holder and its predecessors in title. As used in this decision, plaintiff refers to the present record title owner.

court found that the defendants' other activities were not of a continuing nature. The court noted that the garage had not existed for the requisite statutory period of fifteen years. It concluded, therefore, that the defendants failed to sustain their burden of proving adverse possession.

The defendants' first claim of error, that the weight of the evidence supports their claim of title by adverse possession, is basically an assertion that they presented *more* evidence, in terms of number of witnesses and volume of testimony, than did the plaintiff. Sheer quantity of evidence, however, does not govern its probative value. "Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be acccorded their testimony. *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641 (1952)." *Morande* v. *Newman Lincoln-Mercury, Inc.,* 5 Conn. App. 423, 499 A.2d 78 (1985). The weight of the evidence does not depend upon the number of witnesses for or against a particular proposition. *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.,* 190 Conn. 371, 404, 461 A.2d 422 (1983).

The claim that a trial court's findings are not supported by the evidence is governed by Practice Book § 3060D. Pursuant to that section, an appellate reversal or modification of a trial court's decision is only warranted when that decision is clearly erroneous in light of the evidence and pleadings in the entire record. *Doyle* v. *Kulesza,* 197 Conn. 101, 104, 495 A.2d 1074 (1985).

Adverse possession is a question of fact for the trial court and is not reviewable unless the "subordinate facts are legally and logically inconsistent or are insufficient to support the conclusion that they exist. *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 A. 459 (1926)." *Clark* v. *Drska,* 1 Conn. App. 481, 484–85, 473 A.2d 325 (1984). The record in this case supports the facts as found by the trial court.

The defendants' next claim of error, that the trial court applied an incorrect standard of proof in determining the adverse possession claim, is also without merit. The defendants argue that the trial court imposed upon them the burden of proving title to the property by "clear and convincing evidence," rather than by "clear and positive proof," the established standard of proof in adverse possession cases. *Clark* v. *Drska,* supra, 484. The judicial coinage of varying phrases to describe the required measure of proof in adverse possession cases is immaterial as long as the standard of proof is of a degree greater than proof by a preponderance of the evidence. "Clear and convincing evidence" and "clear and positive proof" are judicial parlance for identical standards of proof. Id., 487.

The defendants additionally assert that the trial court's denial of their motion for a new trial, based upon a claim of newly discovered evidence, was erroneous. The newly discovered evidence was revealed, upon an offer of proof, to consist of testimony by a neighbor whom the defendants claimed to have been unable to contact during the course of the proceedings. The neighbor, according to the defendants' counsel, would have testified that between 1964 and the time of trial, she had seen the property in dispute being cultivated and maintained on a regular basis by the defendants and that she had also seen, during that period, a chicken coop, pigpen and doghouse on the parcel.

In its memorandum of decision denying the motion for a new trial, the court stated its conclusion that the evidence was not new and could have been ascertained and presented at trial with reasonable diligence by the defendants. The court further noted that even if it were to accept what counsel for the defendants represented as new evidence, the outcome of the case would not change.

A party is entitled to a new trial on the basis of newly discovered evidence "if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result. . . . " *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334 (1959), quoted in *Burr* v. *Lichtenheim,* 190 Conn. 351, 355, 460 A.2d 1290 (1983); *Carrione* v. *State,* 3 Conn. App. 633, 634, 491 A.2d 421 (1985). In acting upon a motion for a new trial based upon newly discovered evidence, the trial court acts in the exercise of its sound legal discretion. *Turner* v. *Scanlon,* supra; *Shelton Sewer Authority* v. *DeFilippo,* 2 Conn. App. 355, 361, 478 A.2d 623 (1984). In the absence of an abuse of this discretion, the trial court's action will not be disturbed. *Carrione* v. *State,* supra, 635. The facts of this case do not indicate that the trial court abused its discretion in denying the defendants' motion for a new trial.

There is no error.

In this opinion the other judges concurred.