STATE OF CONNECTICUT *v.* STANLEY KING
(6165)

BORDEN, DALY and NORCOTT, Js.

Argued May 11—decision released July 26, 1988

*John A. Forbes, Jr.,* assistant public defender, for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, was *Gerald Eisenman,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction of criminal possession of a pistol in violation of General Statutes § 53a-217 (a) and carrying a pistol without a permit in violation of General Statutes § 29-35. On appeal, the defendant raises the following claims of error: (1) the trial court erred in denying the defendant's motions for acquittal and for

a new trial based on claims of prosecutorial and juror misconduct; (2) the court erred in ruling, in response to the defendant's motion in limine, that consecutive sentences could be imposed upon convictions for carrying a pistol without a permit and criminal possession of a pistol;[1] (3) that his convictions under General Statutes §§ 29-35 and 53-217 (a) were in violation of the double jeopardy clause of the fifth amendment to the United States constitution; and (4) that the evidence was insufficient to sustain his convictions for the crimes of which he was convicted.

We have carefully reviewed the entire record of the present case and find each and every claim of error to be without merit. The defendant has not successfully borne the burden of showing the manner in which either the allegedly tainted language of the prosecutor or the alleged improper juror misconduct prejudiced him or denied him his right to a fair trial. *State* v. *Ubaldi,* 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983); see also *State* v. *Nowakowski,* 188 Conn. 620, 452 A.2d 938 (1982); *State* v. *Kluttz,* 9 Conn. App. 686, 521 A.2d 178 (1987).

Similarly, when construing the evidence in the light most favorable to sustaining the jury's verdict, we find it clear that the jury could reasonably have concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Little,* 194 Conn. 665, 671, 485 A.2d 913 (1984); *State* v. *Iovieno,* 14 Conn. App. 710, 713, 543 A.2d 766 (1988).

---

[1] We need not consider the defendant's second claim of error since, at sentencing, the trial court imposed concurrent sentences of five years for each charge of which the defendant was convicted. The claim of error regarding the court's ruling on the motion in limine that the defendant "could" be sentenced consecutively is a moot issue for the purposes of this appeal.

Finally, we find that under the holding of *Blockburger* v. *United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the defendant has not been denied protection against multiple trials and multiple punishments for the same offense under the double jeopardy clause. See also *State* v. *Rawls,* 198 Conn. 111, 120, 502 A.2d 374 (1985); *State* v. *Wright,* 197 Conn. 588, 592–93, 500 A.2d 547 (1985).

There is no error.

In this opinion the other judges concurred.