## State of Connecticut *v.* Luis Ortiz
### (6107)

Dupont, C. J., Borden and Spallone, Js.

Argued June 7—decision released August 30, 1988

*John D. Watson,* assistant public defender, with whom, on the brief, were *Joette Katz,* public defender, and *G. Douglas Nash* and *Temmy Ann Pieszak,* assistant public defenders, for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Mitchell S. Brody* and *John Smirga,* assistant state's attorneys, for the appellee (state).

Borden, J. The defendant appeals from the judgment of conviction, after a jury trial, of carrying a pistol without a permit in violation of General Statutes

§ 29-35 and criminal possession of a revolver in violation of General Statutes § 53a-217 (a). The defendant claims (1) that the trial court erred in refusing to sever the two charges and order separate trials on the two offenses, (2) that the trial court committed plain error in failing to bifurcate the trial on the criminal possession of a revolver charge, (3) that General Statutes § 53a-217 (a) is unconstitutional, and (4) that his convictions under General Statutes §§ 29-35 and 53a-217 (a) violated his right to be free of double jeopardy under the state[1] and federal constitutions.[2] We find no error.

A recitation of the facts of this case is unnecessary. Each of the defendant's claims has recently been addressed, and rejected, by this court. No facts in the record before us sufficiently distinguish this case from the cases cited below, which are dispositive of the defendant's appeal.

The defendant's first claim of error is that the trial court erred in refusing to sever the criminal possession of a revolver charge, which requires proof of a prior felony conviction, from the trial of the charge of carrying a pistol without a permit. We do not agree. See generally, *State* v. *Banta,* 15 Conn. App. 161, 166, 544 A.2d 1226 (1988). The defendant " 'has failed to sustain his heavy burden of showing that the denial of his motion

[1] "Although there is no specific prohibition of double jeopardy in the Connecticut constitution, [our Supreme Court has] in large part adopted the common-law rule against it 'as necessary to the due process guaranteed by article first, § 9 of our constitution.' " *State* v. *Aillon,* 182 Conn. 124, 126 n.2, 438 A.2d 30 (1980), cert. denied, 449 U.S. 1090, 101 S. Ct. 883, 66 L. Ed. 2d 817 (1981), quoting *Kohlfuss* v. *Warden,* 149 Conn. 692, 695, 183 A.2d 626 (1962). While the defendant relies on both the state and federal constitutions in support of his double jeopardy claim, he offers no separate analysis of the Connecticut constitution as a basis for different treatment of the federal and state constitutional claims. We decline to undertake such analysis. See *State* v. *Camerone,* 8 Conn. App. 317, 321 n.1, 513 A.2d 718 (1986).

[2] The defendant's claim that the trial court's jury instructions on the defendant's failure to testify did not comply with General Statutes § 54-84 (b), was withdrawn prior to argument.

to sever resulted in substantial injustice or prejudice.' ''
Id., 172, quoting *State* v. *Edwards,* 10 Conn. App. 503,
509, 524 A.2d 648, cert. denied, 204 Conn. 808, 528
A.2d 1155 (1987).

The defendant next claims that the trial court's fail-
ure to bifurcate, sua sponte, the trial of the criminal
possession of a revolver charge for separate jury con-
sideration of the two elements of the crime, amounted
to plain error. This claim is without merit. *State* v.
*Banta,* supra, 172.

The defendant's challenge to the constitutionality of
General Statutes § 53a-217 (a) is raised for the first
time on appeal. The defendant's constitutional claims,
which are the same as those raised in *State* v. *Banta,*
supra, do not qualify for full review under *State* v.
*Evans,* 165 Conn. 61, 327 A.2d 576 (1973). *State* v.
*Banta,* supra, 181;[3] *State* v. *Reddick,* 15 Conn. App.
342, 355, 545 A.2d 1109 (1988).

The defendant's final claim of error is also without
merit. The defendant's conviction of carrying a pistol
without a permit in violation of General Statutes
§ 29-35 and his conviction of criminal possession of a
revolver in violation of General Statutes § 53a-217 (a),
did not violate the protection against multiple punish-
ments for the same offense under the double jeopardy
clause. *State* v. *King,* 15 Conn. App. 330, 331, 544 A.2d
261 (1988).

There is no error.

In this opinion the other judges concurred.

---

[3] The defendant also claims that General Statutes § 53a-217 (a) violates
the due process clause because the possession criminalized by § 53a-217 (a)
is ''a wholly passive continuation of previously legal behavior.'' In support
of this claim, the defendant relies upon *Lambert* v. *California,* 355 U.S.
225, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957). We will not review this claim
under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), because the rec-
ord does not adequately support the claim that the defendant has clearly
been deprived of a fundamental constitutional right and a fair trial.