[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE, DATED SEPTEMBER 1, 1993
The plaintiff, Jason Gray, was convicted of arson in the first degree; see State v. Gray, 221 Conn. 713, 607 A.2d 391 (1992); and CT Page 9509 is currently serving his sentence. The incidents leading to his arrest and conviction arose out of a fire at the plaintiff's place of employment, the parts department of Ekblade Motors in Hamden, Connecticut. In the criminal trial, the state proved that the plaintiff started the fire by pouring an accelerant, a petroleum product known as SILOO Diesel Anti-gel, which the plaintiff's employer stock, on the floor of the employer's parts warehouse and then lighting it.
On June 23, 1993, the plaintiff filed an amended complaint, alleging four independent categories of evidence which he claims entitles him to anew trial: expert testimony regarding differences in the chemical composition of the xylene[1] in SILOO and the charred flooring material (paragraphs 1-20); evidence of statements made to the plaintiff allegedly refuting consciousness of guilt (paragraphs 21-22); evidence regarding the accuracy of the testimony of the state's witness, the fire marshall, at the criminal trial (paragraphs 23-26); and evidence of the state's failure to disclose certain evidence and make certain electrical inspections (paragraphs 27-28). On September 1, 1993, the state moved to strike the complaint for legal insufficiency, stating in its memorandum that the complaint fails to allege that, first, the new evidence sought to be introduced is newly discovered; second, that it could not have been introduced and produced at trial by the exercise of due diligence; and lastly, that said evidence is not merely cumulative.
As to the first category of evidence relied on by the plaintiff for a new trial, the plaintiff claims that he has an expert capable of testifying that the molecular composition of traces of xylene found in the samples of the charred flooring material taken from the scene of the fire's origin are different than the molecular composition of the xylene found in SILOO, the substance which the state alleges the plaintiff used to start the fire. (Amended Complaint, para. 15(a).) The plaintiff also alleges that he has newly discovered evidence indicating that the xylene found in the sample of the flooring is of such a molecular structure to indicate that it was not present in the flooring material at the time of the fire, but rather was absorbed into the charred flooring material during the storage and testing of the material. (Amended Complaint, para. 15(b).)
The plaintiff's amended complaint alleges several reasons why this evidence could not be produced at the original trial: first, prior to the trial, the state had disclosed that test results of CT Page 9510 charred flooring taken from the scene of the fire did not show the presence of any accelerant (Amended Complaint, para. 9.); second, the state failed to disclose that the test container was deteriorated; third, the state failed to disclose, after the plaintiff's request for disclosure, that the state's lab results indicated an exact match between the molecular structure of the xylene in the test material and the xylene found in SILOO; fourth, the state had disclosed only after the commencement of the trial that its lab had performed "G.C. and M.S. analysis" to determine that the xylene in the test sample and SILOO were identical (Amended Complaint, para. 10); and finally, during and after the trial the plaintiff's counsel "actively and diligently" sought expert testimony familiar with the testing procedures utilized by the state, but was unable to locate such expert until after the trial. (Amended Complaint, para. 15.) The plaintiff further alleges that this evidence was "probative of his innocence" and likely to produce a trial with a verdict in his favor. (Amended Complaint, unnumbered paragraph at p. 8.
"The rules governing the granting of a new trial, whether by motion; Practice Book 903; or by petition; General Statutes 52-270; based on newly discovered evidence are the same in criminal or civil cases." (Citation omitted.) State v. Edwards, 10 Conn. App. 503,515, 524 A.2d 648, cert. denied, 204 Conn. 808, 531 A.2d 939
(1987). The motion to strike is the proper motion to test "[w]hether or not under the allegations of [the] petition [for a new trial] a situation justifying the granting of it could be proved." Alling, Attorney-General v. Levitt, 112 Conn. 586, 591,153 A. 166 (1931); see also State v. Dortch, 139 Conn. 317, 325-27,93 A.2d 490 (1952) (sustaining granting of demurrer against the plaintiff's petition for a new trial in a criminal case).
In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19, 520 A.2d 217 (1987).
"The party requesting a new trial must prove that the evidence was newly discovered, that it could not have been discovered or produced through diligence at the earlier trial, that it was not cumulative, and that it is likely to produce a different result in a new trial." (Citations omitted.) State v. Edwards, supra, 515. CT Page 9511 "The petitioner has the burden of alleging and proving facts which would, in conformity with [the court's] settled equitable construction of [General Statutes 52-270], entitle him to a new trial on the grounds claimed." State v. Grimes, 154 Conn. 314, 325,228 A.2d 141 (1966).
Construed in the manner most favorable to the plaintiff, paragraphs 1 through 20 of the amended complaint allege that the evidence of the different molecular composition of the xylene found at the arson site and in the SILOO was newly discovered. The plaintiff alleges that this evidence was not produced at the first trial because the state initially disclosed that no accelerants were found at the test scene. The plaintiff also alleges that the state did not introduce the evidence of the xylene until after the trial began, at which point the plaintiff was unable to locate with due diligence any experts capable of understanding the test procedures utilized by the state's laboratory, and then only after the trial was the plaintiff made aware of the favorable evidence. The plaintiff also alleges that this evidence would rebut the state's theory of the cause of the fire and would, therefore, likely cause a new result. The plaintiff also alleges that no such evidence was introduced at the first trial, i.e., that the evidence was non-cumulative. (Amended Complaint, para. 19.)
"Insofar as the motion to strike is directed at the entire complaint, it must . . . fail if any of the plaintiff's claims are legally sufficient." (Citations omitted; internal quotation marks omitted.) Whelan v. Whelan, 41 Conn. Sup. 519, 520, 588 A.2d 251
(1991, Blue, J.); see also DeMello v. Plainville, 170 Conn. 675,677, 368 A.2d 20 (1976); Grier v. West Haven Police Department,40 Conn. Sup. 221, 222 (1984). The plaintiff has alleged in paragraphs 1-20 sufficient elements of a petition for a new trial based on newly discovered evidence.
Accordingly, the motion to strike is denied.
Robert A. Martin, Judge