[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO MOTION TO STRIKE (#111)
The issue presented by this motion is whether plaintiff's CT Page 9939 entire amended petition should be stricken for failure to plead facts sufficient to support a petition for a new trial.
FACTUAL BACKGROUND
The present civil action emanates from the plaintiff's conviction of the crime of murder on February 24, 1989. On February 2, 1992, the plaintiff filed a petition for a new trial. Count Two of his original petition was stricken and, on August 17, 1992, he filed a first amended petition for a new trial which is the subject of the present motion. In the first amended petition, the plaintiff alleges that two different types of blood were found at the scene of the crime; that the state failed to disclose this evidence to him; and that the evidence would have shown that he could not have committed the crime.
On June 4, 1993, the state filed a motion to strike the plaintiff's entire petition on the ground that it fails to allege sufficient facts upon which the court could grant a new trial. The plaintiff filed an objection to the motion to strike on June 21, 1993. In his objection, the plaintiff argues that the state may not move to strike count one of his first amended petition after answered the same count in his original petition. In addition, he argues that the state's consent to the filing of the amended petition bars its motion to strike. Finally, he contends that he has alleged facts sufficient to support a petition for a new trial.
LEGAL DISCUSSION
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Relying on Carrione v. State, 3 Conn. App. 633, 634 (1984), the state asserts that in order to obtain a new trial after criminal conviction the plaintiff must show that: (1) the evidence is in fact newly discovered; (2) it would be material to an issue at the new trial; (3) it could not have been discovered and produced at the former trial by the exercise of due diligence; (4) it is not merely cumulative; and (5) it is likely to produce a different result at a new trial. The state contends that the plaintiff fails to allege the first, third, and fourth elements, making his petition legally insufficient. CT Page 9940
Carrione refers to the foregoing as "the classic tests for determining whether a petition for a new trial should be granted where it is claimed that other evidence was discovered after the conclusion of a trial." Op. cit. In the instant case the plaintiff's petition does not allege that the evidence is newly discovered, but that the evidence was not disclosed by the prosecution. Thus, the Carrione standard is inapplicable to the plaintiff's petition.
Rather, the applicable standard is set forth in cases involving the failure of the state to disclose evidence to the defense. The "suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (Citations omitted; internal quotation marks omitted.) Demers v. State, 209 Conn. 143,149, 547 A.2d 28 (1988). In order to obtain a new trial the defense must show that (1) the prosecution suppressed the evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material. State v. Shannon, 212 Conn. 387, 398,563 A.2d 646 (1989), cert. denied, 110 S.Ct. 510 (1989); Demers v. State, supra at 150. "Under the Brady doctrine, evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different." (Citations omitted, internal quotations marks omitted), Demers v. State, supra at 161. In his petition, the plaintiff alleges all three necessary elements: that the prosecution withheld the information about the different types of blood found; that the information was favorable to him; and that the evidence would have led to a different outcome at trial.
The plaintiff's objection to the motion to strike must be sustained since the plaintiff has alleged sufficient facts to support a petition for a new trial based on prosecutorial suppression of evidence. The state has sought to strike the petition by applying the standards required for a petition based on newly discovered evidence rather than on suppressed evidence. Although the plaintiff has not framed his argument as clearly as possible, in a motion to strike, the court must construe the facts alleged in the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
CONCLUSION CT Page 9941
Based on the foregoing, the plaintiff's objection to strike is sustained.
So ordered.
Michael Hartmere, Judge