[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS EXCEPTIONS AND OBJECTIONS TO REPORT OF ATTORNEY TRIAL REFEREE (#131)
The defendants claim that the attorney trial referee "(ATR)" failed to find certain admitted or undisputed facts. The courts review is governed by P. B. § 19-13. The court construes the terms "admitted or undisputed fact" as requiring, implicitly, that the fact in question be material. A material fact has been defined "adequately and simply as a fact which will make a difference in the result of the case". Barrett v. SouthernConnecticut Gas Co., 172 Conn. 362, 368 (1977). Accordingly, in the first instance the court will analyze each exception in terms of whether the fact which is claimed to be admitted or undisputed is material to the defendants case.
 1. Granted. This fact is immaterial because accessibility of the disputed property is not an element of adverse possession.
 2. Granted. Immaterial. The facts establish in undisputed fashion that the Mr. Schiappa's understanding of the boundaries was incorrect because it included the. disputed area which was not included in his deed.
 3. Granted. Immaterial. Whether Mr. Schiappa knew of the existence of building lines is immaterial to the issues of adverse possession. There is nothing in the record which defines the term "building lines" but the term is generally used to describe set back or front lines. Ballantine's Law Dictionary 3rd Ed. 1969 at 159.
4. Same as number 3. CT Page 3211
 5. Granted. These facts may be added to the facts already found in paragraph #4 of the ATR report.
 6. Granted. Immaterial. The existence of a permanent structure or structures within the disputed area is not an essential characteristic of adverse possession as long as the acts of possession comport with ownership to the exclusion of others.
 Roche v. Fairfield, 186 Conn. 490, 502-503 (1982).
 7. Granted. Immaterial. This too makes no difference in the result because the evidence also shows that on an annual basis after Mr. Schiappa turned over the soil he would reerect the fence in the same location within a period of a week.
 8. Granted. While it is true that no evidence was offered as to how long the strawberry patch existed, the court knows from its own experience that strawberries are perennials and therefore need not be planted every year. The absence of explicit evidence on this point is of no consequence.
 9. Granted. The court also notes that there is no evidence of whether placement of a rabbit hutch on such objects as milk crates is consistent or inconsistent with the general practice of raising rabbits. In addition, the finding requested is inconsequential to the result.
10. Granted. Same reasoning as number 6 above.
11. Granted. Same reasoning as number 6 above.
 12. Granted as to the fact of dumping clippings into the disputed area by hand. Denied as to the remainder because P. B. § 19-13 requires the court to make determinations with respect to findings of fact and not testimony.
 13. Granted. This fact is immaterial for the reason set forth in number 6 above.
14. Denied. Mr. Schiappa's testimony at the page cited (51) does not support this exception. In fact, at pages 19 to CT Page 3212 21 there is evidence that he observed the pipe when he bought the property and that it "was on the property when I moved there 1965 and it was there for all those years."
 15. Objection overruled. Defendants have confused Mr. Schiappa's testimony as there was more than one pile of wood on his property. The evidence establishes that the pile located on the disputed property was there for at least 20 years but was only in its present size for the last 10 years.
 16. This does nothing more than take issue with ATR finding number 8. The defendants point to nothing in the record which contradicts this finding. The photographs bear no dates but they clearly show various uses.
 17. Overruled. ATR finding number 4 indicates that the plaintiff's possession continued for 31 years (1964-1995).
 18. Notwithstanding the defendants reliance on Robinson v.
Myers, 156 Conn. 510 (1968) which is clearly distinguishable on its facts, the court believes that Roche v. Fairfield supra, is more apposite.
 Additionally the court has carefully reviewed the evidence on this point, especially those pages of the transcript which the defendant cites (TR. 9/11/96 pp. 8, 46-47) together with exhibit 19I and finds that the ATR reasonably could have refused to find as he did that the condition of the vegetative growth on defendants lot did not render the disputed property invisible to the defendants predecessor in title and therefore not "open and notorious
 19. The defendants reliance on the Sands Associates. v. Rios, 6 Conn. App. 84 (1986) is misplaced. Contrary to the defendants contention, the facts of that case are not substantially similar either to the evidence in the record or the findings made by the ATR with evidentiary support. In Sands, only a portion of the possessors garden extended into the record owners land, the animals raised on the land were there for a maximum of 6 years and there was no evidence that other activities performed on the land were anything more than sporadic, irregular and noncontinuous.
20. The defendant correctly points out that Mr. Schiappa's CT Page 3213 testimony fixed the westerly boundary of the disputed area at anywhere from 30 down to 12 feet west of his deeded rear property line. The court is required to determine whether "there was ample evidence to support the ATR's "factual finding" that this boundary should be fixed at 30 feet rather than some other distance. Thermoglaze. Inc. v. Morningside Gardens. Co., 23 Conn. App. 741, 746 (1991).
 In addition to the several estimates of distance given by Mr. Schiappa his counsel, Mr. Marcus, admitted that the 30 foot distance which he plotted on exhibit 16 was "approximate" and "no more accurate than" the plaintiff's testimony. (TR. 9/12/96 p. 46). In fact, the ATR categorically determined the distance to be 20 feet. (TR. 9/12/96 p. 46, L. 7). In view of the various distance estimates offered by Mr. Schiappa depending upon when he was asked, it cannot be said that the 30 foot distance was established by clear and positive proof. Clark v. Drska, 1 Conn. App. 481, 487 (1984). The court therefore corrects the ATR report by revising the legal description in order to fix the westerly boundary of this disputed area at 20 feet rather than 30 feet from westerly boundary of Lot 7 as shown on exhibit 16.
 21. The defendants claim to the contrary notwithstanding the parties were permitted to offer additional evidence at the retrial as they saw fit. Neither elected to do so. The defendant cannot now be allowed to complain.
 It is noted that the defendant made no challenge to the ATR's award of damages.
 In conclusion, the report of the ATR is accepted in all respects except for the correction discussed in paragraph 20 above.
Judgment may enter accordingly.
THE COURT, Mottolese, Judge