## JASON GRAY *v.* STATE OF CONNECTICUT
### (AC 16639)

O'Connell, C. J., and Hennessy and Dupont, Js.

Argued November 3, 1998—officially released February 9, 1999

*Roger J. Frechette,* with whom were *Peter B. Reilly* and, on the brief, *David M. Reilly,* for the appellant (petitioner).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher A. Alexy,* assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The petitioner appeals from the judgment of the trial court denying his petition for a new trial brought pursuant to General Statutes § 52-270 (a).[1] The petitioner claims that the trial court improperly (1) denied the petition for a new trial, (2) concluded that the newly discovered evidence could have been discovered prior to the first trial, (3) found facts not supported by the record and (4) denied his discovery requests. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In 1990, the petitioner was convicted of arson in the first degree in violation of General Statutes § 53a-111 in connection with a suspicious fire that occurred in the parts department of a car dealership where he worked. During his criminal trial, the state's expert witnesses testified that an accelerant had been used to start the fire. On direct appeal, our Supreme Court affirmed the trial court's judgment. *State* v. *Gray,* 221 Conn. 713, 607 A.2d 391, cert. denied, 506 U.S. 872, 113 S. Ct. 207, 121 L. Ed. 2d 148 (1992).[2] A detailed statement of facts pertaining to the underlying criminal case is included in our Supreme Court's decision.

The petitioner filed this petition for a new trial in 1993, claiming that newly discovered evidence war-

---

[1] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action . . . for . . . the discovery of new evidence . . . ."

[2] The petitioner subsequently filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut. That court dismissed the habeas petition, and the defendant appealed to the United States Court of Appeals for the Second Circuit, which affirmed the District Court's judgment.

ranted a new trial. Following an evidentiary hearing, the trial court denied the petition stating that the petitioner failed to exercise due diligence in preparation for his criminal trial. The trial court also stated that even if the allegedly new evidence was heard by a jury, it was unlikely to produce a different result at trial.

On appeal, the petitioner claims that the trial court abused its discretion in denying his petition. Specifically, the petitioner claims that the newly discovered evidence, concerning the contamination of chemical evidence relied on by the state's experts, casts doubt on the reliability of their testimony. The petitioner argues that this new evidence would preclude a jury, at a new trial, from accepting the state's theory that an accelerant had been used. In addition, the petitioner claims that one of the state's experts gave unexpected and misleading testimony about the results of certain laboratory tests and that he could not have anticipated that testimony prior to trial. We are not persuaded.

I

The petitioner's first three claims are subsumed under the general assertion that the trial court abused its discretion in denying his petition for a new trial. That ruling will be set aside only if there has been a clear abuse of discretion. *State* v. *Holliman*, 214 Conn. 38, 50, 570 A.2d 680 (1990). "[E]very reasonable presumption should be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Jones*, 205 Conn. 638, 660, 534 A.2d 1199 (1987). "[W]hether a trial court has abused its discretion does not depend upon whether a reviewing court would have reached the same conclusion." *State* v. *S & R Sanitation Services, Inc.*, 202 Conn. 300, 311–12, 521 A.2d 1017 (1987).

To qualify for a new trial on the basis of newly discovered evidence, "[t]he petitioner must demonstrate, by

a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." *Asherman* v. *State*, 202 Conn. 429, 434, 521 A.2d 578 (1987). This strict standard is meant to effectuate the underlying "equitable principle that once a judgment is rendered it is to be considered final . . . and should be left undisturbed by post-trial motions except for a good and compelling reason." (Citations omitted.) *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 713, 462 A.2d 1037 (1983).

The petitioner's theory of defense rests on the premise that the fire started accidentally, perhaps due to electrical problems, and, thus, he was innocent of any wrongdoing. Crucial to the petitioner's criminal trial and to this petition is the relation between two chemical substances—Siloo and Xylene. Early in his criminal trial, the trial court offered the petitioner a mistrial or a continuance to obtain appropriate expert witnesses to dispute the state's forensic report dealing with the chemical analysis of these two substances. The petitioner declined the offer.

During his trial, the petitioner called an expert who did not testify as to the nature of the chemicals. Subsequently, at the hearing on the petition for a new trial, the petitioner produced a different expert who testified in detail concerning Siloo and Xylene. The petitioner's expert testimony, which could have been presented at the first trial to support his case, is not newly discovered material. *Lombardo* v. *State*, 172 Conn. 385, 390, 374 A.2d 1065 (1977). When a petitioner seeks a new trial for newly discovered evidence, he must have been "diligent in his efforts fully to prepare his [case] for trial; and if the new evidence relied upon *could have been*

*known with reasonable diligence*, a new trial will not be granted." (Emphasis in original; internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 528–29, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 692 A.2d 1231 (1997).

It is well established that "[i]t is not sufficient for [the petitioner] to bring in new evidence from which a jury *could* find him not guilty—it must be evidence which persuades the judge that a jury *would* find him not guilty." (Emphasis in original.) *Lombardo* v. *State*, supra, 172 Conn. 391. In the present case, the expert, who testified at the hearing on the petition for a new trial, could have testified at the criminal trial. From the record, it is readily apparent that the trial court did not believe that the petitioner was diligent in preparing his criminal trial evidence. In a comprehensive memorandum of decision, the trial court analyzed the expert testimony and drew appropriate inferences and reached proper legal conclusions. On the basis of the record, this court cannot conclude that if all the expert testimony was heard by the jury, it would be likely to produce a different result. In sum, we cannot conclude that the trial court's finding constituted clear abuse of discretion.

The petitioner also claims that the testimony at the criminal trial by the state's expert, Jack Hubbell, was misleading because there was additional information that Hubbell did not disclose to the jury. It appears that the petitioner is concerned that the lack of testimony delivered by the state's expert rises to the level of fraud by nondisclosure. This argument is without merit.

The petitioner claims that Hubbell's testimony, regarding the quantitative analysis of chemicals found at the crime scene, was filled with inconsistencies that are significant. The state claims that Hubbell analyzed the information to the best of his ability and testified

about the quantitative conclusions, which could be derived from mass spectrometer tests. The record reflects that the trial court considered vast amounts of expert testimony and that nothing appears to have been omitted or to be factually incorrect. On the basis of these facts, we conclude that the trial court did not abuse its discretion in denying the petitioner's petition for a new trial.

## II

In his remaining claim, the petitioner argues that the trial court improperly denied his discovery requests. The petitioner sought, by interrogatories, to obtain the addresses of the witnesses that the state intended to call at his criminal trial but did not. The petitioner's brief merely argues this contention without analysis of the law. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Henderson*, 47 Conn. App. 542, 558, 706 A.2d 480, cert. denied, 244 Conn. 908, 713 A.2d 829 (1998). Because it has not been adequately briefed, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.