## STATE OF CONNECTICUT *v.* DONALD ROBERSON
## (AC 20159)

Lavery, C. J., and Foti and Daly, Js.

Argued January 22—officially released March 20, 2001

*James J. Ruane*, with whom, on the brief, was *James O. Ruane*, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Donald Roberson, appeals from the judgment of conviction, rendered after a jury

trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (5),[1] burglary in the first degree in violation of General Statutes § 53a-101 (a) (1)[2] and risk of injury to a child in violation of General Statutes § 53-21.[3] On appeal, the defendant claims that the trial court abused its discretion by denying his motion for a new trial that was based on a claim of newly discovered evidence.[4] We affirm the judgment of the trial court.

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

[2] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[3] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony."

The jury found the defendant not guilty of attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a (a).

[4] The defendant filed his motion for a new trial pursuant to Practice Book § 42-53, the due process clause of the federal constitution and article first, §§ 8 and 9, of the Connecticut constitution.

"Practice Book § 42-53 provides for the granting of a motion for a new trial in the interests of justice, for constitutional error or for other materially injurious error. A motion for a new trial under Practice Book § 902 [now § 42-53] is limited to trial errors, and cannot be based upon newly discovered evidence. . . . The defendant must bring a petition under § 904 [now § 42-55] if he wishes to seek a new trial based upon newly discovered evidence." (Internal quotation marks omitted.) *State* v. *Newton*, 59 Conn. App. 507, 511 n.3, 757 A.2d 1140, cert. denied, 254 Conn. 936, 761 A.2d 764 (2000).

The defendant argued that although his motion stated that it was made pursuant to Practice Book § 42-53, the motion was, in effect, made pursuant to Practice Book § 42-55, which governs motions for a new trial based on newly discovered evidence, because it was made on the basis of the discovery of new evidence. Practice Book § 42-55 provides in relevant part: "A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. . . ."

The following facts and procedural history are relevant to our resolution of this appeal. On August 5, 1997, the victim, Irwin Clemons, then living in the Marina Village complex in Bridgeport, was eating on a porch in the area. The defendant and three or four other men approached the victim and told him that he was not welcome in the area and that he should not return there. The victim's roommate, Brian Furse, arrived on the scene, driving his van. The victim walked to Furse's van, and the defendant followed him. The victim, believing that the defendant was about to pull out a gun, turned around and put the defendant in a bear hug. He felt a gun in the defendant's back pocket and threw him to the ground, causing the gun to fall. As the victim bent over to get the gun, one of the defendant's companions, K, shot the victim in the leg. The defendant then picked up his gun and shot the victim in the ankle as he tried to crawl away. The victim crawled to the nearby apartment of Sharon Edwards, who had witnessed some or all of the events. As the victim attempted to enter Edwards' apartment, he was shot in the chest. The defendant was the only person located near the victim who was in possession of a gun. The victim managed to enter Edwards' apartment. Meanwhile, the defendant tried to force his way into the apartment while yelling that he was going to shoot the victim. The victim suffered three bullet wounds: One in his chest, one in his ankle and one in his left thigh.

The court severed K's trial from the defendant's trial. The defendant was tried first, and a jury found him guilty of the charges on March 27, 1999. Prior to the defendant's sentencing and while preparing for the trial of K in the companion matter, the prosecutor spoke to Richard Brookings. Brookings stated that he was with

---

The trial court noted in its memorandum of decision that "[t]he state has waived any objection to the trial court deciding this motion for a new trial under the applicable tests regarding newly discovered evidence."

the victim on the night of the shooting and that he had observed the victim throw the defendant to the ground, but that he had not seen a gun. He further stated that he had heard a shot come from his right and that he fled the area and went into Edwards' apartment. He stated that when he was in the apartment, the victim asked him, "Who shot me?" The prosecutor disclosed this information to the defendant's counsel and also to counsel for K in the companion matter yet to be tried.

The prosecutor provided to counsel for both individuals Brookings' name and the police reports pertaining to him in a February 16, 1999 disclosure. This disclosure occurred one month prior to jury selection in the defendant's case.

Following Brookings' testimony in the companion matter, the defendant filed a motion for a new trial on the basis of this newly discovered evidence. The defendant relied on the transcript of Brookings' testimony, claiming that it showed that (1) Brookings came with the victim to the scene of the incident, although the victim testified at trial that he came to the scene with Furse only, (2) Brookings did not see the gun (3) the victim asked Brookings who had shot him, although the victim testified at trial that the defendant had shot him, and (4) Brookings was in Edwards' apartment after the shooting occurred and did not see the defendant there.

After the court held a hearing on the defendant's motion, it concluded that the defendant had not sustained his burden of demonstrating that the evidence could not have been discovered earlier by the exercise of due diligence and that it was likely to produce a different result in a new trial. The court, therefore, denied the motion.

"[O]ur standard of review of the trial court's denial of a motion for a new trial is limited to a determination

of whether, by such denial, the court abused its discretion. *State* v. *Rothenberg*, 195 Conn. 253, 264, 487 A.2d 545 (1985). *State* v. *Leavitt,* 8 Conn. App. 517, 524, 513 A.2d 744, cert. denied, 201 Conn. 810, 516 A.2d 886 (1986). As a reviewing court considering the trial court's decision granting or denying a motion for a new trial, we must be mindful of the trial judge's superior opportunity to assess the proceedings over which he or she has personally presided." (Internal quotation marks omitted.) *Munson* v. *United Technologies Corp.*, 28 Conn. App. 184, 194–95, 609 A.2d 1066 (1992).

"A party is entitled to a new trial on the ground of newly discovered evidence if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result. . . . New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice had been done. In deciding this question, the court has the exercise of a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused." (Citations omitted.) *Turner* v. *Scanlon*, 146 Conn. 149, 163, 148 A.2d 334 (1959).

To qualify for a new trial on the basis of newly discovered evidence, "[t]he petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." *Asherman* v. *State*,

202 Conn. 429, 434, 521 A.2d 578 (1987). This strict standard is meant to effectuate the "equitable principle that once a judgment is rendered it is to be considered final . . . and should be left undisturbed by post-trial motions except for a good and compelling reason." (Citations omitted.) *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 713, 462 A.2d 1037 (1983).

When a defendant seeks a new trial for newly discovered evidence, he must have been "diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon *could have been known with reasonable diligence*, a new trial will not be granted." (Emphasis in original; internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 528–29, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 692 A.2d 1231 (1997).

In the present case, the court determined that the evidence could have been discovered earlier but that defense counsel had concluded that the "potential witness had no information valuable to the defense," and that even if defense counsel had presented the evidence, it was unlikely to produce a different result on a new trial. The court was not persuaded that the evidence would have caused the jury to find the defendant not guilty.

In *Lombardo* v. *State*, 172 Conn. 385, 390–91, 374 A.2d 1065 (1977), our Supreme Court held that "[w]hether a new trial should be granted does not turn on whether the evidence is such that the jury *could* extend credibility to it. . . . The plaintiff must persuade the court that the new evidence he submits will *probably*, not merely possibly, result in a different verdict at a new trial, or that an injustice has been done. . . . It is not sufficient for him to bring in new evidence from which a jury could find him not guilty—it must be evidence which persuades the judge that a jury *would* find him not

guilty." (Citations omitted; emphasis in original.) See *Gray* v. *State*, 51 Conn. App. 689, 693, 725 A.2d 364 (1999).

The prosecutor disclosed Brookings' name to the defendant's attorney one month before jury selection. The defendant's attorney testified that he had checked the telephone book and the city assessor's records but was unsure if the motor vehicle records were examined in an attempt to locate Brookings.[5] Considering the defendant's scant search, we cannot conclude that the court improperly determined that the defendant had not demonstrated by a preponderance of the evidence that this "newly discovered evidence" could not have been discovered earlier by the exercise of due diligence. Having so concluded, we need go no further in affirming the court's denial of the defendant's motion for a new trial. We will, however, examine the remaining reasons for the court's denial.

While Brookings' testimony may have been relevant, material and noncumulative, it nevertheless did not, as the court concluded, "even approach evidence that is so vital to the issues and so strong and convincing that a new trial would probably produce a different result." The only evidence that might have been significant was the victim's question, "Who shot me?" The record discloses that the victim was not the only witness to testify as to the shooter's identity and that he testified in both cases and identified the defendant as the person who had shot him. At best, that evidence could have impeached the victim's credibility. Under the circumstances of this case, it cannot be said that that evidence would have led the jury to find the defendant not guilty. The court was bound to ask whether the evidence "would have," and not simply whether it "could have," produced a different result.

[5] The state located Brookings shortly after the defendant's trial. He testified in the companion matter.

"Where claimed newly discovered evidence would merely affect the credibility of a witness, it is not a ground for a new trial unless it is reasonably probable that on a new trial there would be a different result." (Internal quotation marks omitted.) *State* v. *Edwards*, 10 Conn. App. 503, 515, 524 A.2d 648, cert. denied, 204 Conn. 808, 528 A.2d 1155 (1987). Trial courts are guided by the general principle that a new trial should be granted because of newly discovered evidence only if an injustice was done or it is probable that on a new trial a different result would be reached. *Summerville* v. *Warden*, 229 Conn. 397, 425–26, 641 A.2d 1356 (1994).

In this case, the same judge presided at both the trial and the hearing on the motion for a new trial.[6] He was, therefore, "in a uniquely advantageous position to assess whether another trial would produce a different result, given the introduction of the new evidence." *State* v. *Edwards*, supra, 10 Conn. App. 516.

The court did not abuse its discretion by denying the defendant's motion for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.