[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION FOR NEW TRIAL
On March 21, 2001, the defendant, Randall Saunders, was found guilty after a jury trial of the charge of Reckless Manslaughter in the First Degree in violation of General Statutes § 53a-55a(3). On April 4, 2001, the defendant timely filed a motion for new trial.[1] The defendant requests that a new trial be granted because of prosecutorial misconduct during the trial, in particular because of certain comments made by the state during closing argument.[2] The state opposes the motion on the basis that the defendant's due process rights were not infringed.
The court has reviewed the transcripts of closing argument, the memoranda filed by both sides and, on April 25, 2001, heard oral argument on the instant motion. The following constitutes the court's finding and memorandum of decision.
 DISCUSSION
Practice Book § 42-53[3] provides for the granting of a motion for a new trial in the interests of justice, for constitutional error or for other materially injurious error." (Internal quotation marks omitted.) State v. Roberson, 62 Conn. App. 422, 423 (2001). "A motion for a new trial is addressed to the sound discretion of the trial court and is not to be granted except on substantial grounds." State v. Asherman,193 Conn. 695, 735, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050,105 S.Ct. 1749, 84 L.Ed.2d 814 (1985). The type of error that will justify a new trial is one which reasonably could have affected the trial result or outcome of the proceedings; see State v. Ortiz, 198 Conn. 220, 225-26,502 A.2d 400 (1985); or one which resulted in an injustice or deprived the defendant of a fair trial. See State v. Fernandez, 198 Conn. 1, 17,501 A.2d 1195 (1985). The determination as to whether the state's comments amounted to misconduct requiring a new trial requires evaluation under six separate factors. See State v. Rivera, supra, 61 Conn. App. 770. CT Page 5998 The court must examine: "(1) the extent to which the misconduct was invited by defense conduct or argument; (2) the severity of the conduct; (3) the frequency of the conduct; (4) the centrality of the misconduct to the critical issues of the case; (5) the strength of the curative instructions adopted; and (6) the strength of the state's case." (Internal quotation marks omitted.) Id.
The defendant claims that the misconduct occurred through the state's interjection of its own opinion; use of facts that were not in evidence; attempts to appeal to the jury's sympathy and passion by mischaracterization of the defendant's claims; references to the defendant's failure to testify; and impermissible commentary on the defendant's character. This court does not agree and will address each claim in turn.
 A
"Prosecutorial misconduct may . . . occur in the course of closing argument. . . . Such argument may be, in light of all of the facts and circumstances, so egregious that no curative instruction could reasonably be expected to remove [its] prejudicial impact. . . . We do not focus atone, however, on the conduct of the prosecutor. The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." (Citation omitted; internal quotation marks omitted.) State v. Rivera, 61 Conn. App. 763, 769, 765 A.2d 1240
(2001). "To prove prosecutorial misconduct, the defendant must demonstrate substantial prejudice." State v. Alexander, 254 Conn. 290,303, 755 A.2d 868 (2000).
"[I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument." (Internal quotation marks omitted.) State v. Chasse, 51 Conn. App. 345,358, 721 A.2d 1212 (1998), cert. denied, 247 Conn. 960, 723 A.2d 816
(1999). "We do not scrutinize each individual comment in a vacuum, but rather we must review the comments complained of in the context of the entire trial. . . . It is in that context that the burden [falls] on the defendant to demonstrate that the remarks were so prejudicial that he was deprived of a fair trial and the entire proceedings were tainted." (Citation omitted; internal quotation marks omitted.) Id., 356. The prosecutor's challenged remarks are evaluated to determine whether they "were improper, and if so, whether they caused substantial prejudice to the defendant." (Internal quotation marks omitted.) State v. Rivera, supra, 61 Conn. App. 769. CT Page 5999
The prosecutor may not "express his opinion, directly or indirectly, as to the guilt of the defendant." State v. Williams, 204 Conn. 523, 541,529 A.2d 653 (1987). "`[A] prosecutor should exercise restraint to avoid needless personal references, without sacrificing the vigor or effectiveness of his argument. . . .'" State v. Satchwell, 244 Conn. 547,565-566, 710 A.2d 1348 (1998), quoting United States v. Modica,663 F.2d 1173, 1181 (2d Cir. 1981), cert. denied, 456 U.S. 989,102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).
Although some of the state's attorney's comments during final argument employed phrases such as, "I argue," "I think" and "I believe," "[i]t is not improper for the prosecutor to point out how the evidence was presented, what evidence was presented, what reasonable conclusions could or should be made by the jury and what factual inferences could be drawn by the jury from the facts found." State v. Singh, 59 Conn. App. 638,647, 757 A.2d 1175 (2000), cert. granted, 255 Conn. 935, 767 A.2d 1214
(2001). The court finds the state's attorney improperly gave his personal opinion on numerous occasions in his closing and rebuttal arguments.[4]
While the court finds the remarks at issue troubling, ill-advised, and inartfully phrased, the record reveals that the state repeatedly prefaced many of its remarks by stating they were made "in argument" or that the state was going to "posit" a claim.[5] Furthermore, defense counsel failed to object to any expression of personal opinion made by the state's attorney. "[I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument . . . and something must be allowed for the zeal of counsel in the heat of argument. . . . The occasional use of rhetorical devices is simply fair argument. . . . If every rhetorical remark made by counsel were ground for a reversal, we again stress that comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation. . . . For an illustration of how natural it is to use such rhetorical devices, we need look only to defense counsel's closing argument."[6] (Citations omitted; internal quotation marks omitted.) State v. Chasse, supra, 51 Conn. App. 366.
In his arguments, the state's attorney highlighted the evidence presented and what reasonable conclusions could be made by the jury. When read in their entirety and in the context of the entire trial; see Statev. Chasse, 51 Conn. App. 356; the state's remarks overall are an expression of argument, not expression of opinion, and are not in and of themselves so prejudicial as to require a new trial. Also, in the charge to the jury immediately following final arguments, the court twice instructed the jury that such arguments were not evidence and, furthermore, that the juror's recollection of the facts, rather than that of the counsel, was controlling.[7] Moreover, the state presented a CT Page 6000 very strong case against the defendant.[8] Accordingly, the court finds that in the context of the entire trial, the improper remarks made by the state's attorney did not substantially prejudice the defendant to make the resulting conviction a denial of due process.
 B
"A prosecutor, in fulfilling his [sworn] duties, must confine [the arguments] to the evidence in the record. . . . Statements as to facts that have not been proven amount to unsworn testimony, which is not the subject of proper closing argument." (Citations omitted; internal quotation marks omitted.) State v. Alexander, supra, 254 Conn. 306. "[A] prosecutor should not inject extraneous issues into the case that divert the jury from its duty to decide the case on the evidence." (Internal quotation marks omitted.) State v. Mills, 57 Conn. App. 202, 210,748 A.2d 318, cert. denied, 253 Conn. 914, 754 A.2d 163 (2000).
The defendant cites to several comments made by the state in which the defendant argues that the state is introducing a concept not based upon any evidence before the jury. The defendant particularly notes that the state in rebuttal introduced another theory as to the decedent's manner of death due to the path of the bullets.[9] While no witnesses testified as to this theory, the state specifically commented that the medical experts were unable to state the exact positions the defendant and decedent were in relation to each other at the time of the shooting.[10] The court finds this to be a rational inference based on facts in evidence.
The defendant also argues that the state injected other extraneous matters into the case by referring to crime staging by the police and a police conspiracy. Defense counsel questioned the propriety of the conduct of the police,[11] and the crime scene investigation,[12] in his closing statement. The court finds that the state's comments[13] were made in response to those made by defense counsel in his closing argument and were, therefore, invited. Also, the jury was instructed that its recollection of the evidence controlled.[14] Furthermore, the challenged remarks constituted only a brief, isolated portion of the state's rebuttal argument and were made to make a legitimate point in response to the defense counsel's closing argument. Accordingly, as to the comments the defendant cites, the court finds the state either appropriately made comments on facts in evidence or rational inferences thereon, or responded to an invitation made by the defendant in his closing argument. Therefore, the defendant's claim is without merit.
 C
CT Page 6001
"A prosecutor may not appeal to the emotions, passions and prejudices of the jurors. . . . [S]uch appeals should be avoided because they have the effect of diverting the jury's attention from [its] duty to decide the case on the evidence." (Internal quotation marks omitted.) State v.Mills, supra, 57 Conn. App. 209. "A prosecutor may, however, present arguments with logical force and vigor." State v. Singh, supra,59 Conn. App. 648.
The defendant claims that the state's attorney improperly appealed to the jury's sympathy and passion by misstating and mischaracterizing the law. Specifically, the defendant argues that as a result of the state's comments the jury was left with the impression that in order for the defendant to justify his conduct through self-defense, he must have believed that the decedent was going to shoot him.[15] In its closing argument, the state referred to the self-defense theory that the defendant made in his written statements, videotape and personal letters, namely, that the defendant thought the decedent was reaching for a gun at the time the defendant shot him. In the defense's closing argument, defense counsel advanced an alternate theory that the defendant used deadly force because he feared the decedent was going to use deadly force against him. In its rebuttal, the state clarified what the law was as to self-defense.[16] Also, the court instructed the jury on the law regarding self-defense.
The defendant also claims the state introduced evidence not before the jury by making comments indicating that the defendant's claim of self-defense was innuendo and as such it was insufficient. In opposition, the state argues there is a distinction between innuendo or speculation and proper legal inference based on submitted evidence. The state may comment on a defendant's failure to support his own factual theories with witnesses. See State v. Hoeplinger, 27 Conn. App. 643,652-53, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). The court finds the state's remarks addressed a theory suggested by defense counsel in his questioning of witnesses (regarding the possibility that the decedent had a gun and that those present at the bar removed it prior to the arrival of the police),[17] and the state's contention that the defendant failed to support this theory with witnesses.
Several of the comments the defendant refers to were made by the state in reference to evidence that was presented to the jury and the reasonable inferences that the jury could draw from it. See State v.Jeudis, 62 Conn. App. 787, 795, ___ A.2d ___ (2001). "Even if the challenged remarks were inappropriate because they were made as an appeal for sympathy, they were not egregious or part of a pattern of misconduct throughout the trial." State v. Singh, supra, 59 Conn. App. 649. CT Page 6002 Furthermore, defense counsel made statements that appealed to the jury's passions.[18] Accordingly, the court concludes that the state's comments were not improper, and even if they were, when viewed in context of the entire trial they did not substantially prejudice the defendant's right to due process.
 D
"It is well settled that comment by the prosecuting attorney . . . on the defendant's failure to testify is prohibited by the fifth amendment to the United States constitution."[19] (Internal quotation marks omitted.) State v. Satchwell, supra, 244 Conn. 570-71. "The state may, however, comment on a defendant's failure to call witnesses to contradict the factual character of the government's case . . . as well as his failure to support his own factual theories with witnesses." (Citations omitted; internal quotation marks omitted.) State v. Hoeplinger,27 Conn. App. 643, 652-53, 609 A.2d 1015, cert. denied, 223 Conn. 912,612 A.2d 59 (1992).
"Our legislature has given statutory recognition to this right by virtue of its enactment of General Statutes § 54-84.[20] In determining whether a prosecutor's comments have encroached upon a defendant's right to remain silent, we ask: Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify? . . . Further, in applying this test, we must look to the context in which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact upon the jury. . . . Finally, [w]e also recognize that the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument." (Citations omitted; internal quotation marks omitted.) State v. Satchwell, supra, 244 Conn. 570-71. With these principles in mind, the court examines the defendant's claim.
The words of the defendant were entered into evidence through the admission of his sworn statement to the police, a booking videotape and the defendant's personal letters. Both the state and the defense referred to what the defendant stated in these exhibits during their respective summations. The state properly referred to the defendant's statements in evidence during its summation and never once utilized the word "testimony" or "testify." Also, the jury was twice instructed on the defendant's right not to testify.
A fair reading of the remarks at issue leads the court to conclude that the jury would not "naturally and necessarily" have interpreted them as a CT Page 6003 substantive comment on the defendant's failure to testify. See State v.Rivera, 39 Conn. App. 96, 101, 664 A.2d 306, cert. denied, 235 Conn. 921,665 A.2d 908 (1995). "Rather, the jury most likely interpreted the statement[s] as a directive as to where in the evidence the defendant's arguments could be found." Id. Accordingly, the court concludes that the defendant's claim is without merit.
 E
The defendant argues that the state made impermissible comments on the defendant's character.[21] The court finds that the state's comments are not just a general commentary on the defendant's character, but were made by the state in extrapolating on its argument that the defendant was not afraid of the decedent.[22] Furthermore, in the other comments at issue the state was attempting to present its position based upon what it believed the evidence showed about the defendant's character.[23]
Accordingly, the court concludes that these comments were not improper, and even if they were, they did not cause substantial prejudice to the defendant such as to deny his due process rights.
 F
As previously discussed, in the present case, the prosecutor's remarks were, to some extent, invited by defense counsel. Defense counsel repeatedly, personally referenced the prosecutor, referring to him by name, rather than as the state.[24] Further, defense counsel suggested that the state was attempting to trick the jury.[25] Defense counsel, while accusing the state of interjecting its own opinion, interjected his own opinion about the evidence.[26] Defense counsel further accuses the state of relying upon facts not in evidence, when he did the same.[27]
Defense counsel also used his closing argument to play upon the sympathy of the jury.[28] "The tone of defense counsel's closing argument lessened the `prejudicial impact' of the prosecutor's comment[s]." Statev. Rivera, supra, 61 Conn. App. 771.
The state attacked the defense through both its own witnesses and those of the defendant. The state presented a very strong case against the defendant.[29] "Furthermore, both counsel argued and the trial court instructed the jury that the arguments and statements of counsel during summation were not evidence[30] and that it was the jurors' recollection of the evidence that should have weight in their deliberations, rather than counsel's statements in final argument. When viewed in this context, the remarks were not so prejudicial that the defendant was deprived of the opportunity for a fair trial or that the entire proceedings were tainted." State v. Chasse, supra,51 Conn. App. 363. Also, with one exception,[31] the defendant made no CT Page 6004 objections to the state's remarks and failed to ask for any curative instruction with regard to any comments made during the state's summation. The defendant, therefore, presumably did not regard these remarks as seriously prejudicial at trial. See State v. Chasse, supra,51 Conn. App. 356. Furthermore, the fact that all of the defendant's claims focus on remarks made only during final arguments demonstrates that such comments were not a pervasive quality of the entire proceeding. See State v. Rivera, supra, 61 Conn. App. 774.
 CONCLUSION
The court holds, for the foregoing reasons, that the state's comments, although improper and inartfully phrased, did not amount to a substantial prejudice such as to deny the defendant due process and require a new trial.
The defendant's motion for a new trial is denied.
Holden, J.