[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #106, MOTION TO STRIKE
This is an action that was commenced as a three count complaint wherein the plaintiff asserts that it was a named defendant in a Small Claims action filed against it by the defendants in this action, Carl Grande and Debra Bressler. The plaintiff also asserts that the defendants lacked probable cause in their commencement and prosecution and that said action, and that said action was instituted with malicious intent to vex and trouble the plaintiff. The Small Claims action terminated in its favor and plaintiff asserts that as a result of the filing of the Small Claims lawsuit, it incurred actual damages.[1]
Plaintiff is seeking double damages pursuant to the provisions of § 52-568 (1) of the Connecticut General Statutes and treble damages pursuant to § 52-568 (2) C.G.S.
On January 17, 2001, the defendants' filed an Answer, Special Defense and a Counterclaim against the plaintiff.
By way of a pleading entitled "PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO STRIKE", filed April 10, 2001, the plaintiff moves to strike the Defendants' Special Defenses and Counterclaim.
In the instant action, the defendants, Carl Grande and Debra Bressler offer the following as a Special Defense:
 The plaintiff used improper methods and undue influence, in violation of the Rules of Practice and the Rules of Professional Conduct, to cause a magistrate who had previously ruled unfavorably to the plaintiff on the very issue raised in the defendants' small claims action against the plaintiff, to recuse CT Page 13468-lx himself and to steer the case to a more favorable magistrate.
The plaintiff in this matter has moved to strike the defendants' Special Defense for the following reasons:
 1. The exclusive forum to address the issue raised in the special defense is the statewide grievance committee.
 2. The doctrine of res judicata prohibits the Defendants from relitigating matters that have previously been fully and fairly litigated.
The defendants, in their "Objection to Motion to Strike" that was filed on September 19, 2001, assert that their Counterclaim is made pursuant to the provisions of § 53-270 of the Connecticut General Statutes and is based on the fact that they have obtained "newly discovered evidence not discoverable at the time of trial." Section 53-270 of the Connecticut General Statutes concerns causes for which new trials may be granted and provides that:
 (a) The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases.
 The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action.
 (b) An affidavit signed by any party or his or her attorney shall be presumptive evidence of want of actual notice.
Section 42-55 of the Connecticut Practice Book concerns the time for CT Page 13468-ly filing a motion for a new trial based on newly discovered evidence. This section provides that:
 A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. The judicial authority may grant the petition even though an appeal is pending.
The defendants did not file a Motion for a New Trial in the Small Claims matter, but instead file a Counterclaim in this action. Even if the Court were to accept the filing as proper, the defendants cannot prevail for reason that the newly discovered evidence does not rise to the level necessary to obtain the relief that they seek. The defendants' assert in their Counterclaim that:
 As a result of the plaintiff's letter writing campaign to the Chief Court Administrator, Magistrate Frauwirth recused himself from the small claims action, and another magistrate heard the case and ruled in favor of the plaintiff.
The purported newly discovered evidence is as follows:
 Because the letters sent by the plaintiff to the Chief Court Administrator, were never sent to the defendants; in complete violation of the Rules of Practice, they constitute newly discovered evidence that could not have been discovered at the time of trial of the small claim action by the defendants.
The newly discovered evidence cited by the defendants is not material to the subject matter that was before the Small Claims Court. In fact, the gist of the purported evidence does not concern the subject matter of the trial at all, merely the alleged behavior of opposing counsel outside of the Courtroom. Furthermore, the evidence cited by the defendants is not the type of evidence that would result in a different conclusion if the defendants were granted a new trial.
 "A party is entitled to a new trial on the ground of newly discovered evidence if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and CT Page 13468-lz produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result. . . . New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice had been done. In deciding this question, the court has the exercise of a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused." (Citations omitted.) Turner v. Scanlon, 146 Conn. 149, 163, 148 A.2d 334 (1959).
 State v. Roberson, 62 Conn. App. 422, 426 (2001).
The evidence alluded to by the defendants is not the type of evidence that "is so vital to the issues and so strong and convincing that a new trial would probably produce a different result".
In addition to the foregoing, the defendants seem to be of the position that if they had a particular magistrate hearing their case they would have obtained a different outcome. The Court is concerned that the defendants may be attempting to judge shop.
 Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge.
 Westbrook v. Savin Rock Condo. Assoc., 50 Conn. App. 236,241 (1998).
 "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992);
 City v. Dana Investment Corporation, 249 Conn. 1, 17
(1999).
The facts plead in the defendant's Special Defense are consistent with the allegations of the Complaint, i.e., the facts concerning how the CT Page 13468-ma plaintiff handled a Small Claims case involving the parties in the instant action, however, the proposed Special Defense does not demonstrate that the plaintiff does not have a cause of action in this matter, therefore the Motion to Strike the Special Defense is granted.
As to the defendants' Counterclaim, the plaintiff cites three reasons that said Counterclaim should be stricken:
 1) The Counterclaim is barred by the doctrine of res judicata.
 2) The Counterclaim does not arise out of the transaction and occurrence that is the subject matter of the litigation.
 3) The counterclaim is legally insufficient in that the facts alleged therein doe (sic) not create a claim upon which relief could be granted.
The Court will address the plaintiff's arguments concerning the Motion to Strike the Counterclaim in the order that they were presented in the plaintiff's motion, starting with the doctrine of res judicata.
 "`[t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate.'"
 Gladysz v. Planning Zoning Comm., Town of Plainville, 256 Conn. 249, 262 (2001).
The plaintiff in the instant action asserts that the defendants are attempting to relitigate an issue via their Special Defenses. In their prayer for relief in the Counterclaim that was filed on January 17, 2001, the defendants state:
 WHEREFORE, the defendants move that the judgment therein be set aside and that a new trial be ordered on the cause therein.
The issues in the Small Claims matter of Carl Grande, Et Al. v. Tobin Melien, SC6-114334, have been tried to their conclusion before a CT Page 13468-mb Magistrate of the Superior Court, and a judgment on the merits.
 "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Citations omitted; internal quotation marks omitted.) Orselet v. DeMatteo, 206 Conn. 542, 544, 539 A.2d 95 (1988).
 Daw v. Zoning Board of Appeals of Westport,63 Conn. App. 176, 183 (2001)
The defendants have not made any allegations that the Magistrate who heard the case did anything improper, nor do the defendants allege that they were prejudiced in any way, shape or form, by the alleged actions of plaintiff's counsel other than they did not get the Magistrate that they wanted and therefore the judgment rendered was somehow unjust. As stated previously in this decision, "Judge shopping is not to be encouraged".Westbrook v. Savin Rock Condo. Assoc., Supra.
In light of the Court decision as the issue of the Counterclaim being barred by the doctrine of res judicata, the court will not address the remaining issues raised by the plaintiff.
Richard A. Robinson, J.